If you mark yes in item number 8, you will be expected to file a written brief or statement. After you receive a briefing schedule, the board may summarily dismiss your appeal. So your argument is that your client was not on notice that the appeal might be dismissed? No, I think that this is germane to the cases in this respect. Some of the key cases that would support considering the appeal are the Zenn and Hoxa in a slightly different basis. But then noted that the appellant in that case wasn't represented by counsel, he didn't file a brief. And that was something that the court found important in its analysis of the interplay between the regulations that are at issue here. And then in Prochik, Prochik was a case that went the other way. Yes, and in that case, the court found that the appellant had waived any challenge to the summary dismissal order and ended up, as you said, affirming the ruling of the immigration court. It also, in Prochik, there was no consideration of whether there was a notice of appeal, such as in this case, that elaborated on the grounds for an appeal and identified the law under which the appeal was taking place. So it did not consider the issue that then decided a few years later that where you had an unrepresented petitioner who failed to file an optional brief but had filed a notice of appeal that contained articulated reasons for the appeal, the panel in that case looked at the regulations, and I'll refer to it as 1003.3B, is the notice of appeal regulation that says that you can avoid summary dismissal under 1003.1D if you have a notice of appeal that is sufficiently specific and it talks about the specific elements that need to be set forth in the notice of appeal to avoid the summary dismissal. Now, the government argues that then went too far in similar cases decided by other circuits because those cases said that you could avoid any basis for summary dismissal under 1003.1D if you satisfied the notice of appeal standard for what should be included in the notice of appeal. But... That's not a good argument? Well, I believe that there's a middle ground here, that there are a few discretionary factors in the categories of appeals that could be dismissed summarily by the board under regulation 1003.1D. And some of those are more in the nature of procedural problems. Some of them are more in the nature of problems that get towards notice and the merits. So, for example, I don't think that a sufficiently specific notice of appeal should preclude the board from summarily dismissing an appeal where it's plain on the face of the appellate documents and the record that there's no jurisdiction before the board to hear the appeal. However, when... Counsel, is that an argument based on your reading of the regulations or some external consideration sounding and maybe due process? Where does that come from? No, on the face of the regulations, it appears to me that you can identify that 1003.1D, the first category allows dismissal if there isn't a sufficient notice of appeal filed. Category E, which is the one that we're dealing with in terms of failure to file an optional brief, Likewise, is one where the court would... If it had an appropriate notice of appeal under 1003.3B that articulates the law and the basis for the appeal, then the failure to file a brief wouldn't in any way be prejudicial to the board's ability to determine the case. And we're talking about the board's discretion here, right? I mean, I agree, and perhaps there's good reasons for this rule, perhaps there are not, but I'm still left wondering why there's a problem here. They've set this bar as requiring, giving your client an option to file the brief. It doesn't have to, but having elected to do so, then they then have the discretion to say, well, if you choose not to follow through, then it can be dismissed. Right, that is what the regulation says. But in applying its discretion, the board has then explained that discretion isn't unfettered. And in a situation where under 1003.3B you have a notice of appeal that informs the board of the basis for the arguments that are going to be presented, it's just rejecting a case simply because somebody ticked a box seems hyper-technical. And I think that there are a few things that bear... It does seem hyper-technical and it does seem incongruous because if you file an adequate notice of appeal advising the agency of your grounds for appeal, you don't even have to file a brief. You're in the game, so to speak, with the agency. But when you check the box saying you're going to file a brief, if you don't, you might get dismissed. And how do we get around E? Because if we follow what the 11th Circuit did in Esponda or what the 9th Circuit did in Casas Chavez, it would seem to render subsection E nugatory, right? And that's something that we don't do. We're supposed to give effect to all of the laws and regulations unless, of course, they're unconstitutional. You haven't really said there's something unconstitutional about E. So I'm wrestling with how do I not enforce E or how do I accept your position, I should say, without rendering E nugatory. Well, I think that you can harmonize the two regulations in that the notice of appeal has to include certain basic things in order to avoid a summary dismissal. But if the notice of appeal is sufficiently detailed, so if it were almost more like a brief or a short brief, then it becomes a question of whether the failure to file the brief is something that prejudices the Board of Immigration Appeals. In its discretion, if it looks at what the petitioner has put into the notice of appeal and says, well, this is enough to pass muster, we're not going to dismiss it summarily for being an inadequate notice of appeal under 1003.1D, A, we are going to, you know, we are, but they said they were going to file a brief. They didn't file a brief that would further elaborate, that would allow us to decide the appeal. Therefore, at that point, in an exercise of discretion, the Board could control its docket and get rid of a case that would be too difficult to decide based on what was included in the notice of appeal. I think that that is a way that you can give effect to that provision. And I'll add that 1003.3B doesn't link itself only to the A category under 1003.1D, which is the inadequate notice of appeal. If that's what the EOIR had intended, you would expect that they would have written that expressly. They didn't do so. I see my time is almost up. I'd be happy to answer any further questions. We'll hear you on rebuttal. Thank you. Mr. Stanton? May it please the Court. So, this Court has recognized several times that a dismissal, a summary dismissal, is reviewed for an abuse of discretion. And an abuse of discretion typically occurs in three situations. If the lower court's, lower adjudicative decision is arbitrary, if the lower court's adjudicative decision is arbitrary, if it's capricious, or if it's contrary to law. I respectfully submit the Board's decision here to dismiss the appeal was not arbitrary. It was not irrational. There are very good reasons why the summary dismissal tool can be used. The Board has a very, very large docket, lots of cases. For better or for worse, the previous administration... Why isn't the regulation irrational? Is the regulation irrational? The regulation irrational? Well, I mean... Yeah, like, why... I don't understand why somebody can have a hearing by filing a notice of appeal that says very little. Then they don't file a brief, and they get a hearing. But somebody who files a notice of appeal that says a lot, and then checks the box, and doesn't file a brief, they don't get a hearing. That seems at least incongruous, if not irrational. So why... Enlighten us as to why the regulation does this. What's it trying to achieve that makes this rational? I don't have a correct answer. My best guess, to your honor, is that a lot of times when parties just choose to abandon their appeal after their notice of appeal is filed. So that happens a lot. This court has got a very similar rule. It's Local Rule 107.2b of this court, which authorizes the clerk to dismiss an appeal if a party does not file a brief within the deadline. So I can only... Again, I assume the purpose of the rule is a docket-managing rule, that if someone files a notice of appeal but doesn't file a brief, the court is just going to assume that they're going to abandon. Our rule doesn't have the ambiguity that... I don't think that this rule... The regulations are ambiguous, though. I agree your rule is indeed very clear. I would respectfully submit that the regulations here are not ambiguous. We agree with the Seventh Circuit that no one could possibly be confused by the meaning of the regulation, your honor. It's a docket-managing tool. It's not just for the briefs as well, but as amicus counsel says, if petitioners... If you file a notice of appeal, stay in the basis, and based on the reading of 103.3b, I mean, that should be sufficient to avoid any type of summary dismissal. And that's actually what the Eleventh Circuit and the Fourth Circuit at unpublished case said. And most respectfully to those jurisdictions, we think that's not a fair reading of the regulations. Regulations need to be read in context, like the entire scheme, in order to... And most importantly, the most also, avoid observed results. And there's just no way to read 103.3b as applying to just one subsection of 103.d.2.i.e. So, I mean, it's all or nothing. It's all or nothing here. We would respectfully submit that the way the regulations can be read together is that section 103.3b is complementary to 103.3.1.d.2.i.a. So, I mean, at most, the Attorney General or the Board, I'm not really sure who exactly issued the regulations, is giving the litigant extra warning about the importance of filing a notice of appeal that states the basis for the appeal. Again, that's also a docket-managing tool where some cases, if they're raising the same issues, can be placed together. But at most, Your Honor, it's duplicative, but duplication is not conflict. So, I mean, I think the Seventh Circuit in Cochrane made the same point, and I guess the Sixth Circuit in Ahmad as well. And I'll also respectfully submit that the summary dismissal or the regulations are not capricious either. I mean, the Petitioner had plenty of notice. Three times, three times, he was told that if he marked yes on filing a brief, for intent to file a brief, but did not do so, he could potentially face summary dismissal. It's not capricious for the Board to do what it actually said it was going to do in dismissing the appeal when he didn't file a brief. And for similar reasons, I'll respectfully submit that what the Board did here, what the regulations said, is also not contrary to law. So, for reasons that we just discussed, we think the regulations complement each other. We do not think, we do not agree that they're in conflict. So, I mean, and again, both the Supreme Court and this Court have made clear that regulations cannot, or statutes cannot be read in isolation, that they have to be taken up to the entire. You cited the docket management. Yes, yes, sir. Is there any other rationale for this regulation, or is it strictly docket management? Docket management, with the best explanation that I'm aware of, that I was told by my superiors, we actually asked that question during my MOOC session, and we believe docket management is probably the primary reason. So, I mean, it's certainly possible to get a favorable ruling just by stating the basis for the appeal. It's rare, but it does happen. If the immigration judge relies on a case that was eventually later overturned by the Board or the Court of Appeals, and that's listed in the Notice of Appeal, I mean, that the Board would summarily reverse the immigration judge. So, it's rare. I wouldn't recommend it. Like most litigants, I would recommend filing a brief. I'm explaining, but there is a point to it. So, at the end of the day, we're dealing with an agency that has a lot of cases. Yes, a lot. And they have a gatekeeping rule that says if you want us to keep your case on the docket, then you have to do what you say you're going to do. And if you say you're going to file a brief and you don't, you do so at your peril. Yes. And we can just back of a hand dismiss it. Yes, that would be accurate for our proposition. The Board does have discretion. It's not mandatory. So, if we have a reason, the Board exercises discretion in this case. The Board does also, like, appoint pro bono counsel every now and then when there's an issue that looks pretty complex. The Board will invite pro bono counsel to, like, handle it. I mean, the Board had discretion to do that here for whatever reason they chose not to do so. So, I mean, but, yes, docket management, I believe, is the primary purpose for this, along with most of the basis for subsection E, lack of jurisdiction, untimeliness, what cases look like that just are not going to go anywhere, that it's best to get rid of them so the Board, the agency can get to the other cases that may actually have merit. And I should also emphasize that even after summary dismissal, a petitioner had options for remedies as well. He could have borrowed the motion for reconsideration, saying, hey, my lawyer abandoned me. He could have said, I never got the briefing schedule. And he also could have filed a motion to reopen based on ineffective assistance and counsel, which, I mean, it looks like that might have happened here. I mean, but there's a whole separate procedure for that. And that's just not before the court. Late to do that now? Is it too late to file a motion to reopen? I do not know if he did or not. But, like, so, I mean, I don't know. I should have checked. I'm sorry. But perhaps Amicus may be able to answer that. Is it too late to do that now? Motions to reopen can't, like, based on ineffective assistance, can't be filed at any time, I believe. But, I mean, there is a diligence requirement. So it turns out, like, it looks like if it's too late, it will be because of lack of diligence. I mean, we understand, we appreciate that for some of these non-citizens that don't speak English, that they're not familiar with our system. That being said, the board does have rules. I believe courts do as well. I'm not sure if this one does. But, I mean, even non-citizens can be expected to understand when they receive ineffective assistance without being told so by somebody else. And, hey, my lawyer abandoned me is usually one of those situations. And, again, if he was abandoned and didn't receive a briefing schedule personally, he could have contacted the board. But it did not appear that he did so. So, I mean, maybe that happened. But there's nothing in the record indicating he attempted to contact the board. So, I mean, again, we may not have heard the end of this case. I mean, if this petitioner has valid and effective assistance of counsel claims, I mean, we certainly encourage him to pursue those. But for present purposes, that's just not before the court right now. And we understand that one panel of this court then, I mean, granted a petition in very similar circumstances, we would respectfully submit that the then panel, again, affording the fullest respect to them, that that was not a correct decision. We would encourage the court to follow the majority view of those five cases. Admittedly, all unpublished. We believe that those cases, as well as the cases they follow from the cases from the 7th, the 6th, and the 5th, represent the better view of the better reading of the regulations, including the intent, the point. And I should also mention another point I wanted to make, that my understanding, according to all the lawyers in my office, it was prior to the issuance of these regulations that the board would summarily dismiss cases for the same reasons, through its local rules, for lack of a better word, through its practice guide. And at some point in 1990, Congress told the Attorney General that it would prefer if these procedures were spelled out in actual regulations subject to the rulemaking requirement. And as we note on page 10 of our brief, Congress, the committee report, was certainly aware that dismissal for failing to file a brief could be an appropriate sanction. It's a serious procedural default. That's from the case law, not from the committee hearing. And either the Attorney General or the board set forth regulations specifying the reasons to that regard. So, again, this is consistent with Congress's directive as well. And that's really my point. So, I mean, if there's no other questions, I'm happy to rest on the briefs. All right, thank you very much. Thank you, Mr. Stanton. It's great to be back in court again, my first time since the pandemic. Wonderful. Well, I think we're all happy to be back in court. But I'll let Mr. Helfer. Yes. The second round. I have three points I'd like to make in rebuttal. First, the government invoked this court's local rules allowing the clerk to dismiss an appeal for failure to file a brief. There's a very fundamental difference in the regime in appellate practice here and in the board. As observed in the HOXA case, of which Judge Sirica, I believe you were on the panel, HOXA made it clear that in the Board of Immigration Appeal practice, the notice of appeal is the most important document. That's where you get the facts, the law, the things that you have to include in order to give the board notice of what it is that you're arguing, how it can decide the dispute. Obviously, in the standard of federal appellate practice, your notice of appeal, while it talks about what order you're appealing from, doesn't have to include law. It doesn't have that substantive component. Right. And the brief does. The brief in this court has your recitation of the facts, your points of law, your argument. And I'll note, too, that the brief, the requirement isn't for a brief. It's an optional brief or statement. So to your point about whether this is irrational, you could have a notice of appeal that had a 20-page brief attached to it. Then you could check the box saying, yes, I'll file a brief in this case. And then when you do file the brief, you file a statement instead of a brief. And all it says is, I stand on my notice of appeal. HOXA also said there's nothing in the regulations promulgated by EOIR that says what has to go in the brief or statement. Very different from this. If those were the facts here, though, then you might prevail because this court might say, if the agency didn't acknowledge the brief, this court on review could say that that was an abuse of discretion because there was a brief, right? But we don't have that here. Here we've got a relatively straightforward fact pattern, I think. We've got someone checking the box. They will file a brief. They don't file a brief. And you've got the harsh result of them citing subsection E saying your case is over, right? Right. And we don't have a constitutional challenge. I mean, it's hard. I'm not saying you should have brought one. It's hard to say you didn't get due process when you're told explicitly what might happen if you don't file a brief. But it seems like your fallback is perhaps the ineffectiveness route. I don't know if that's still available to you. I don't represent the petitioner, so I don't know whether it's available to him. But the last point, if I may make it, I see my time has expired, is that the government invokes docket management as the principal justification here. And I know in other contexts docket management sometimes is not sufficient to allow someone just to get rid of a case. And, for example, I believe it used to be a practice in some district courts that a case that was removed to federal court sometimes would be remanded because the court would cite the fact that its own docket was very congested and busy. And that is no longer permitted. But docket management, although courts obviously have broad discretion to manage their dockets, they can't engage in certain types of actions to do that. And here I would submit that what the Board of Immigration Appeals did in failing to even mention the notice of appeal and the substantive statements there when it dismissed the case was arbitrary and capricious. Thank you. Thank you very much, Mr. Helfer. And thank you, Mr. Marencine, for taking the appointment. Thank you, Mr. Stanton, as well, for the argument. The court will take the case under advisement.